**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 24-1620
_____

JASPER FRAZIER,
Appellant

v.

VICTORIA L. KUHN, Esq. Acting Commissioner; PATRICK NOGAN, Administrator;
ANTHONY GONGI, Association Administrator, MARIO VERA, Ex Association; LT.
BERRYMAN, Mailroom Supervisor, SGT. SAQUAY, Mailroom Supervisor, REGINA
KING, Special Intelligent Division, GARY RIVERA, Senior Investigator, BRIAN
BOSTICK, Senior Investigator; SGT. BYRD, Mailroom Supervisor; SGT. CISROW,
Mailroom Supervisor; RONALD TOLOBONSKI, S.W.S.P. S.I.D.; JOHN JANE DOE,
JPAY/GTL Liaison; JOHN/JANE DOE, Administrator; ROBERT E. CARTER,
Commissioner, CHRISTOPHER HOLMES, Asst. Commissioner; AL SOLANIK,
S.W.S.P. Administrator; ANTHONY DEGNER, S.W.S.P.; SGT. CURLY, S.W.S.P.;
SGT. TANLIN, S.W.S.P.; OFFICER SHEPPARD; P. MCGILLIS, N.S.P. Asst.
Administrator; SZUBA, N.S.P. S.I.D.; LT. S. HASSAN, N.S.P.; WESTRY N.S.P.
Mailroom; R. FERGUSON, N.S.P. Mailroom; ; BURTON, Senior Correctional Police;
ACOSTA, Senior Correctional Police; GAIL GILLISPE, Law Library Supervisor,
PATRICK, N.S.P. G.T.L., Phone Service; RUSSO, E.J.S.P. Administrator; C.
SWEENEY, E.J.S.P. Asst. Administrator; SANTIAGO, E.J.S.P. S.I.D.; SGT.
MOUNTCASTLE-THOMAS, E.J.S.P. Mailroom; JOHN/JANE DOES E.J.S.P. JPAY;
JOHN/JANE , E.J.S.P. G.T.L. Phone Service; BRIGS, N.S.P., Senior Correctional
Police; SCPO NAROB; SCPO RODGURIEZ; SCPO SOBMAN; SGT.
KIABART;SERGEANT 1741;SCPO PONTE, individually and in their official
capacities; CHAPLAIN PHILLIP HARDEN; CHAPLAIN BRANTLEY, Northern
State Prison; CHAPLAIN W. PIDEGON, East Jersey State Prison; DONNA SWEENEY,
Interstate Compact

_____

On Appeal from the United States District Court
for the District of New Jersey
(D.C. Civil Action No. 2:21-cv-16842)
District Judge: Honorable Brian R. Martinotti

_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
July 7, 2025
Before: BIBAS, FREEMAN, and NYGAARD, <u>Circuit Judges</u>

(Opinion filed: July 9, 2025)
_____

OPINION*
_____

PER CURIAM

Jasper Frazier appeals the denial of a motion for preliminary injunction. We will affirm.

I

Frazier is a prisoner incarcerated at East Jersey State Prison. Frazier brought suit alleging numerous claims pursuant to 42 U.S.C. § 1983. He is proceeding against several individuals, mostly from the New Jersey Department of Corrections (NJDOC). In June 2022, the District Court permitted certain claims in Frazier's amended complaint to proceed and consolidated some of Frazier's other cases with this case. His case remains pending and is ongoing in the discovery phase in District Court.

Frazier observes the Moorish Scientific Temple of America religion. He claims that his rights under the First Amendment's free exercise clause were violated because he could not order certain religious items related to his faith. These religious items included a fez and Moorish flag with metal clasps as well as a necklace medallion with a 29-inch

* This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

chain. The prison rejected the specific items ordered by Frazier for different reasons. With respect to the fez and the flag, the prison had safety concerns regarding the metal fasteners accompanying those items but permitted Frazier to obtain them with plastic fasteners. As to the medallion, the prison took issue with the 29-inch length of chain, but permitted Frazier to obtain such a medallion provided the chain was no longer than 24 inches, also due to safety concerns.

In addition to his religious claims, Frazier also claims that his legal mail was opened and confiscated. Frazier further asserts that certain Defendants failed to protect him when they labeled him a snitch to other inmates. These claims were permitted to proceed. The District Court dismissed without prejudice Frazier's claim that NJDOC officials permitted inmates to use his JPAY password to access his emails and that they used that information to obtain fabricated images of him.

In August 2023, Frazier filed a motion for a preliminary injunction. He sought an order directing Defendants to provide the religious items he asked for, to stop confiscating his mail, and to stop inmates from distributing fabricated images of him.

Appellees opposed Frazier's motion. The District Court denied Frazier's motion. On the religious items claim, it determined that Frazier had not shown a likelihood of success on the merits. The District Court also determined that unresolved material factual issues prevented issuance of a preliminary injunction with regard to the remaining issues.

## II

We have jurisdiction under 28 U.S.C. § 1292(a)(1). We "[r]eview the denial of a preliminary injunction for an abuse of discretion, an error of law, or a clear mistake in the

consideration of proof." <u>Kos Pharm., Inc. v. Andrx Corp.</u>, 369 F.3d 700, 708 (3d Cir. 2014) (internal quotations omitted).

III

The primary purpose of a preliminary injunction is not to take whatever steps are necessary to prevent irreparable harm, but to maintain the status quo until the Court is able to determine the parties' rights. <u>See</u> <u>Del. State Sportsman's Ass'n, Inc. v. Del. Dep't of Safety & Homeland Sec.</u>, 108 F.4th 194, 200 (3d Cir. 2024). A preliminary injunction is extraordinary relief. To obtain a preliminary injunction, Frazier must show: (1) a likelihood of success on the merits; (2) a probability that he will suffer irreparable harm without injunctive relief; (3) that the balance of equities is in his favor; and (4) that the public interest is in his favor. <u>See</u> <u>Winter v. NRDC</u>, 555 U.S. 7, 33 (2008). The first two factors are critical and must be satisfied before a Court can then balance all four factors. <u>See</u> <u>Del. State Sportsman's Ass'n, Inc.</u>, 108 F.4th at 202 (citations omitted).

With regard to the religious items Frazier requested, in the prison context a central First Amendment inquiry is "whether the inmate has alternative means of practicing his or her religion generally, not whether the inmate has alternative means of engaging in any particular practice." <u>Fraise v. Terhune,</u> 283 F.3d 506, 518 (3d Cir. 2002) (quoting <u>Dehart v. Horn,</u> 227 F.3d 47, 52 (3d Cir. 2000) (quotations omitted)). Frazier does not explain why a shorter chain and plastic rather than metal clips impair his ability to freely practice his religion. He can thus show neither that he is likely to succeed on the merits nor that he will suffer irreparable harm without the granting of a preliminary injunction.

Next, Frazier argued that prison officials have opened/confiscated his legal mail. A plaintiff may state a First Amendment claim against a defendant interfering with his legal mail if he shows there was a pattern or practice of interference. See Jones v. Brown, 461 F.3d 353, 359 (3d Cir. 2006). But, to obtain the extraordinary relief of a preliminary injunction, Frazier must show, first that he is likely to success on the merits, and second, that he will be irreparably harmed without injunctive relief. He has not made such a showing. Rather, the record indicates that Frazier regularly signed for receipt of mail. So, we cannot say that the District Court erred in denying him a preliminary injunction on this claim.

With respect to denial of access to courts, Frazier must show that the denial caused actual injury. See Lewis v. Casey, 518 U.S. 343, 350 (1996). An actual injury occurs if Frazier demonstrates that a "non-frivolous" and "arguable" claim was lost because of the denial of access to the courts. See Christopher v. Harbury, 536 U.S. 403, 415 (2002). Here, Frazier noted that he settled suits he had filed in Indiana. Furthermore, Frazier's suit in the District of New Jersey is ongoing and active. Indeed, Frazier has aggressively pursued that litigation in the District Court as well as in this Court. He has neither shown that he is likely to succeed on the merits of this claim and/or that he will be irreparably harmed without a preliminary injunction.

The District Court aptly examined Frazier's allegations regarding email and fabricated images under the lens of a failure to protect claim under the Eighth Amendment. To establish such a claim, Frazier needed to show (1) he was incarcerated under conditions posing a substantial risk of harm; (2) the officials were deliberately

indifferent to that substantial risk to Frazier's health and safety; and (3) the officials' deliberate indifference caused him harm. See Bistrian v. Levi, 696 F.3d 352, 367 (3d Cir. 2012).

On the specific allegations related to this particular failure to protect, Frazier has not shown that he is likely to succeed on the merits of this claim, which the District Court dismissed without prejudice. Cf. Coalition to Defend Affirmative Action v. Granholm, 473 F.3d 237, 247 (6th Cir. 2006) (noting that where a claim has been dismissed, there is no longer a basis to obtain a preliminary injunction). Further, regardless of whether Frazier can show a likelihood of success on this claim, he has not shown that he would be irreparably harmed without preliminary injunctive relief.

IV

For the foregoing reasons, we will affirm. Frazier's pending motions before this Court are denied.